### S. F. BOOTHE V. SUSAN BEST ET AL.
#### No. 2761.

1.  **Unconditional Certificate.**—An unconditional certificate issued to the heirs of the party to whom a conditional certificate had previously issued, and the patent issuing to the heirs, vests title in the heirs, no conveyance from the ancestor during his life or by his administrator or heirs being shown.

2.  **Fact Case.**—See opinion for facts held insufficient to establish limitation against legal title to land.

3.  **Improvements in Good Faith Upon Land Held by Invalid Title.**— Land patented to the heirs of one who died before the issuance of the unconditional headright certificate (which issued in 1848 to the heirs) was sued for by the heirs in trespass to try title.   The administrator of the estate of the ancestor in his final report charged himself with "money for headright."   Seventeen years after the final report of the administrator the unconditional certificate was found in the hands of one who claimed to be its owner, and who caused the certificate to be located on the land for which the patent issued.   For more·than forty years the heirs failed to assert title to the unconditional certificate or the land in such way as to enable their assertion of right to be known by third parties.   Possession was held under the party who located the certificate long enough to confer title by limitation had it been more clearly adverse.   *Held*, that under the facts a judgment for the land in favor of the heirs, and against them for improvements in good faith, would not be reversed.   See opinion for facts.

APPEAL from De Witt.   Tried below before Hon. H. Clay Pleasants. The opinion states the case.

*Fly & Davidson* and *Stockdale & Proctor*, for appellant.— 1.   The jurisdiction of the Probate Court of Galveston County having once attached, presumptions are in favor of the validity of its proceedings, and its judgment is conclusive.   Martin v. Robinson, 67 Texas, 368, and authorities.

2.   The court erred in finding as a matter of fact that the defendant had not sufficiently connected himself with the outstanding title under the sale made by Best's administrator to have advantage of an outstanding title against plaintiff.   Wright v. Thompson, 14 Texas, 560; Gullett v. O'Connor, 54 Texas, 417.

3.   The court erred as a matter of law in holding that an equitable title could not be used by one in possession unless he connect himself therewith, that rule only applying to a naked trespasser.

4.   The court erred in matter of law in holding that the legal title was in Best's heirs, having found the sale by the administrator divested said heirs, and the patent having issued to the heirs and legal representatives and their heirs or assigns.

5.   The sale of the conditional certificate by the administrator of Best, the possession of said certificate, on cancellation of the conditional the possession of the unconditional and sale of same by Neal to Sherburne, the location by Sherburne and issuance of patent to "heirs of Richard

Best and their legal representatives, their heirs or assigns," put the legal title in Sherburne.

6. The sale of the certificate by the administrator, and the acquiescence of the heirs in said sale for forty-eight years, and the action of the purchaser at administrator's sale in procuring the unconditional certificate and the location of same, puts the legal title in the purchaser at said sale.

7. The sale of the certificate divested all title the heirs of Best might have had, and vested the same *eo instanti* in the purchaser, and the issuance of the patent to the legal representatives of the heirs was a maturity of said purchaser's equities into the legal title. Gullett v. O'Connor, 54 Texas, 417; Lindsay v. Jaffray, 55 Texas, 627; Wright v. Thompson, 14 Texas, 558; Adams & Wickes v. House, 61 Texas, 639; Cox v. Bray, 28 Texas, 247.

*Harwood· & Harwood* and *P. A. Pleasants,* for appellees. —1. There being no deeds offered in evidence, and no order of sale of the conditional certificate by the Probate Court, and no report of said sale and no confirmation of sale by the court, there was no evidence that the same was ever legally sold. Hart. Dig., art. 1016; Tucker v. Murphy, 66 Texas, 355; French v. McGinnis, 69 Texas, 19.

2. If it be conceded that there had been a sale of the certificate by the administrator, and that such sale created an equitable outstanding title in the purchaser, then it would be incumbent upon the defendant to connect himself by legal proof with such purchaser. Shields v. Hunt, 45 Texas, 428; Johnson v. Timmons, 50 Texas, 521; Boone v. Miller, 73 Texas, 557; Wright v. Thompson, 14 Texas, 560.

3. The possession of E. W. Morris, from whom appellant claims title by quit claim deed, was not exclusive or adverse to appellees. Rev. Stats., art. 3198; Satterwhite v. Rosser, 61 Texas, 168; Bracken v. Jones, 63 Texas, 184; Murphy v. Welder, 58 Texas, 241; Ang. on Lim., secs. 354, 384; Parker v. Baines, 65 Texas, 609; Chance v. Branch, 58 Texas, 490.

4. When under a plea of five years limitation possession is claimed under different titles, and the requisite term of occupancy has elapsed under neither, but the possession under one title must be tacked to that under another in order to make out the five years, a privity must be shown between the various titles under which possession is claimed, or its continuity will be broken and the statute of five years will not avail the claimant. Rev. Stats., art. 3199; Brownson v. Scanlan, 59 Texas, 222; Dotson v. Moss, 58 Texas, 152.

5. To constitute one a possessor in good faith, he must not only believe that he is the true owner and have reasonable grounds for that belief, but he must be ignorant that his title is contested by one having or claim-

ing a better right, unless he has strong grounds to believe that the adverse claim is destitute of legal foundation. If, by investigating the records of his county, he can ascertain that his own title, which contains only a special warranty, is worthless, and he improves the land, he can not, on eviction by the true owner, be regarded as a possessor in good faith, and be entitled to compensation for his improvements. Parish v. Jackson, 69 Texas, 614; Dorn v. Dunham, 24 Texas, 380.

HENRY, ASSOCIATE JUSTICE.—Appellees, who are the heirs of Richard Best, deceased, brought this suit in the form of an action of trespass to try title to recover a survey of six hundred and forty acres of land, patented in the year 1858 to the heirs and legal representatives of said Richard Best.

It appears from the record that a conditional certificate was issued to Richard Best in the year 1838. Best died in 1839, and administration was opened upon his estate in Galveston County in the year that he died.

An unconditional certificate was issued in 1848 to the heirs and legal representatives of Richard Best.

The administration was closed in 1841, and there is no evidence that the land certificate was sold or conveyed by the administrator.

In the year 1855 one Robert Neal conveyed the certificate to one J. A. Sherburne, who, in the year 1857, located it on the land in controversy. Sherburne asserted title to the land for many years, as was known to the heirs of Best as early as the year 1860.

In the year 1882 one J. P. Morris, without consideration, conveyed the land to his brother E. W. Morris by a deed which was recorded on the day it was made.

The land was enclosed on all sides by E. W. Morris and persons owning adjoining lands, the fences being on the lines of the adjoining lands. From the date of his purchase in January, 1882, until he conveyed it to appellant, in 1884, E. W. Morris was in possession of the land, and paid all taxes against it. The evidence shows that his possession was not in fact hostile to the claim of the true owners, but it does not show that appellant was aware when he purchased that it was held in subordination to the title of the true owners.

The appellant, desiring to purchase the title, and having tried without success to discover the heirs of Richard Best, in the year 1884 purchased the land for an inadequate consideration from E. W. Morris, who made to him a quit claim deed for it. He took possession under this deed, and held it adversely, paying all taxes against it until this suit was instituted on the 27th day of December, 1887.

In the year 1885 appellant was advised by an attorney with whom he consulted with regard to the title, that it was in the heirs of Sherburne, by whom the certificate had been located. The attorney who gave him this

advice represented to him that he was the attorney of the said Sherburne heirs, and upon his recommendation appellant purchased and received conveyances of the land from said heirs, paying for it much less than its real value.   Subsequent to the last conveyances to him, appellant put upon the land permanent improvements of the value of two thousand one hundred and sixty-five dollars, for which the court gave him judgment, and rendered judgment against him in favor of plaintiffs for the land.

We deem it unnecessary to mention in detail appellant's assignments of error.   The conditional certificate having been issued to Richard Best, and both the unconditional certificate and the patent having been issued to his heirs, and the record showing no sale or conveyance by Best during his life, or by his administrator or his heirs subsequent to his death, of either the certificate or the land, the title necessarily remains in his heirs unless it has been divested by adverse possession under the statute of limitations.

The evidence is, we think, insufficient to show title by limitation.   No question is made about the sufficiency of the evidence to establish that plaintiffs are the heirs of Richard Best.

Appellees assign error, complaining of so much of the decree as allows appellant compensation for his improvements.

Without repeating the evidence or undertaking to discuss it with regard to this issue, it is proper to say that while the record fails to show a sale of the land certificate by the administrator of Richard Best, one item of the final report of the administrator is a charge against himself and in favor of the estate of an amount of money "received for headright."   This report was filed in 1841.

Seventeen years afterwards the certificate was found in the possession of Sherburne, who claimed to be its owner and caused the land to be located.   For more than forty years plaintiffs forbore to assert their claim in a way to make it known.   Possession of the land had been held long enough to give title by limitation if it had been of a sufficiently pronounced adverse character, about which want it is not clear that appellant was not misinformed or misled.   Not to mention other facts relating to the issue, we do not think a case is presented to us justifying a reversal of the finding of the district judge upon this issue.

The judgment is affirmed.

*Affirmed.*

Delivered January 14, 1890.